IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAUSE OF ACTION INSTITUTE<br>1875 Eye Street, NW<br>Suite 800<br>Washington, DC 20006,<br><br>          Plaintiff,<br><br>          v.<br><br>DEPARTMENT OF STATE<br>2201 C Street, NW<br>Washington, DC 20520,<br><br>          Defendant. | Civil Action No. 16-2074 |

## COMPLAINT

1. Plaintiff Cause of Action Institute ("CoA Institute") brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, seeking access to records of recusals, waivers, guidance, and other ethics-related documents for former Secretary of State Hillary Clinton and certain members of her staff. These records are maintained by Defendant Department of State ("Defendant" or "State Department"). Defendant has failed to issue a final determination on or produce any records responsive to CoA Institute's request within the applicable FOIA time limits. In doing so, Defendant has withheld records to which CoA Institute has a right and which serve the public interest in transparent and accountable government.

## NATURE OF THE ACTION

2. Hillary Rodham Clinton served as Secretary of State from January 2009 to February 2013. *Former Secretary of State Hillary Rodham Clinton: 2009-2013*, U.S. Dep't of

State, http://coainst.org/2egtc6K.  Concurrently, the Clinton Foundation – a global nonprofit founded by Secretary Clinton's spouse, former President Bill Clinton – raised money to fund its operations around the world.  *See* Clinton Foundation, *Clinton Foundation History*, http://coainst.org/2elRLtE.

3. On January 5, 2009, just before becoming Secretary of State, Hillary Clinton signed an ethics agreement that described how she would handle interactions and potential conflicts with the Clinton Foundation while she was in office.  *See* Letter from Hillary Rodham Clinton, to James H. Thessin, Deputy Legal Adviser and Designated Agency Ethics Official, U.S. Dep't of State (Jan. 5, 2009), http://coainst.org/2ebcF2m.  In that agreement, she wrote: "If confirmed as Secretary of State, I will not participate personally and substantially in any particular matter that has a direct and predictable effect upon [the Clinton Foundation], unless I first obtain a written waiver or qualify for a regulatory exemption." *Id*.

4. A number of Secretary Clinton's emails that have become publicly available since she left office raise questions about whether her conduct comported with the ethics agreement she signed in January 2009.  *See, e.g.,* Katy O'Donnell, *Ethicists: Clinton Team Violated 'Spirit' of Pledge*, POLITICO, Aug. 11, 2016, http://coainst.org/2egrN00.

5. Additionally, the State Department Inspector General found that only 53% of presidentially-appointed, Senate-confirmed Department officials completed mandatory ethics training in 2012, Secretary Clinton's last full year in office.  Office of Inspector Gen., U.S. Dep't of State, *Review of the Department of State Ethics Program* 13 (ISP-I-13-52, Sept. 2013).

6. Although Secretary Clinton's initial ethics agreement is publicly available, it is unknown whether she made any additional agreements or recusals that may have governed her conduct while in office.  Similarly, it is unclear what agreements her aides – some of whom had

their own ties to the Clinton Foundation – may have made, and whether they or Secretary Clinton ever obtained any ethics waivers to participate in activities from which they otherwise would have been disqualified.

7. The Inspector General's finding that 47% of senior Department officials failed to complete required ethics training in 2012 raises questions about what other ethics advice or guidance Secretary Clinton and her senior staff may have received.

8. In an effort to understand Secretary Clinton's compliance with her ethics agreement and other federal government ethics rules, as well as her senior aides' compliance with such rules, CoA Institute submitted a FOIA request to Defendant on August 24, 2016 for copies of all recusals or ethics agreements made by Secretary Clinton and certain members of her staff, as well as any ethics waivers or exemptions they received. *See* Ex. 1. CoA Institute also requested certain communications between and among the State Department's ethics office and the Office of Government Ethics concerning ethics advice or guidance that was issued related to the Clinton Foundation and Secretary Clinton. *Id*. These records would help educate the general public about the functioning of the State Department's ethics office and senior State Department officials' compliance with federal ethics laws.

9. To date, Defendant has not issued a final determination or produced any records in response to the August 24, 2016 FOIA request. The failure to issue a timely determination on the FOIA request at issue violates CoA Institute's rights under FOIA.

**JURISDICTION AND VENUE**

10. Jurisdiction is asserted pursuant to 28 U.S.C. § 1331 and 5 U.S.C. §§ 552(a)(4)(B), (a)(6)(E)(iii).

11. Venue is proper pursuant to 28 U.S.C. § 1391(e) and 5 U.S.C. § 552(a)(4)(B).

## PARTIES

12. CoA Institute is a non-profit strategic oversight group committed to ensuring that government decision-making is open, honest, and fair. In carrying out its mission, CoA Institute uses various investigative and legal tools to educate the public about the importance of government transparency and accountability. CoA Institute regularly requests access under FOIA to the public records of federal agencies, entities, and offices, and disseminates its findings, analysis, and commentary to the general public.

13. The State Department is an agency within the meaning of 5 U.S.C. § 552(f)(1) and has possession, custody, and control of records to which CoA Institute seeks access and that are the subject of this Complaint.

## FACTS

14. By letter, dated August 24, 2016, CoA Institute submitted a FOIA request to the State Department seeking recusals, ethics agreements, ethics waivers, and other records related to government ethics compliance by Secretary Clinton and her staff. Ex. 1. The time period for this request was "January 1, 2009 to December 31, 2013." *Id*.

15. CoA Institute also requested a public interest fee waiver and classification as a representative of the news media for fee purposes. *Id*.

16. By letter, dated August 25, 2016, Defendant acknowledged receipt of the August 24, 2016 FOIA request. Ex. 2. Defendant granted CoA Institute's request for a fee waiver and assigned the request control number F-2016-10769. *Id*.

17. By email, dated October 12, 2016, CoA Institute requested an update on the status of the request, as well as an estimated date when records would be produced. Ex. 3.

18. By return email of the same date, Defendant notified CoA Institute that the State Department's FOIA Requester Service Center had "requested a status update and estimated completion date" from the Case Analyst. *Id*.

19. By email, dated October 17, 2016, Defendant notified CoA Institute that "[t]he searches are still pending. . . . The estimated completion date (ECD) for this case is April 30, 2017." Ex. 4.

## COUNT 1
### Violation Of FOIA: Failure To Comply With Statutory Deadlines

20. Plaintiff repeats paragraphs 1 through 19.

21. FOIA requires agencies to respond to requests within twenty (20) business days or, in "unusual circumstances," within thirty (30) business days. 5 U.S.C. §§ 552(a)(6)(A)–(B). If an agency requires additional time, FOIA mandates that the agency provide the requester "an opportunity to arrange with the agency an alternative time frame for processing the request[.]" *Id.* § 552(a)(6)(B)(ii).

22. Defendant received CoA Institute's FOIA request on August 24, 2016. Ex. 2. More than twenty (20) business days have passed without the issuance of a final determination on or production of any records responsive to the August 24, 2016 FOIA request.

23. Defendant also failed to comply with FOIA in that it never "arrange[d] . . . an alternative time frame" for responding to the FOIA request. Neither the State Department's acknowledgement letter nor its subsequent emails provides an actual date of completion or an invitation to contact the agency for the purposes of negotiating an "alternative" response date for the request.

24. CoA Institute has fully exhausted its administrative remedies under 5 U.S.C. § 552(a)(6)(C).

## **RELIEF REQUESTED**

WHEREFORE, CoA Institute respectfully requests and prays that this Court:

a.   order Defendant to process FOIA request No. F-2016-10769 expeditiously and to make a final determination within twenty (20) business days of the date of the Order;

b.   order Defendant to produce all responsive records promptly after issuing its final determination;

c.   order Defendant to issue a *Vaughn* index accompanying the records produced explaining each redaction or withholding, if applicable;[1]

d.   award CoA Institute its costs and reasonable attorney fees incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

e.   grant such other relief as the Court may deem just and proper.

Date: October 18, 2016

Respectfully submitted,

/s/ John J. Vecchione
John J. Vecchione
D.C. Bar No. 431764
john.vecchione@causeofaction.org
Lee Steven
D.C. Bar No. 468543
lee.steven@causeofaction.org

CAUSE OF ACTION INSTITUTE
1875 Eye Street, NW, Suite 800
Washington, DC  20006
Telephone: (202) 499-4232
Facsimile: (202) 330-5842

*Counsel for Plaintiff*

4825-0574-0091, v. 1

---

[1] *See generally Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973) (requiring an agency to prepare an index correlating each withheld document, or portion thereof, with a specific FOIA exemption and nondisclosure justification).